**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-40041

JAIME LUNA RODRIGUEZ,

Plaintiff-Appellant,

VERSUS

ROADWAY SERVICES INC, ETC; ET AL,

Defendants,

ROADWAY EXPRESS INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(L-96-CV-11)

October 14, 1999

Before DUHÉ, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant Rodriguez suffered a work injury while employed by Appellee as a truck driver/dock worker. When Roadway did not return Rodriguez to work he sued it for alleged violations of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. The district court granted Roadway's Motion For Summary Judgment dismissing Appellant's claims.

Our careful review of the briefs, argument and record convinces us that the district court correctly decided this case. We affirm for the reasons given by the district court in its

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Memorandum and Order of December 2, 1997.

We write briefly only to discuss this case in light of Loulseged v. Akzo Nobel Inc., 178 F.3d 731, 735-741 (5th Cir. 1999), which was not available to the district court. Appellant contends, among other issues, that he was discriminated against by Roadway because it failed to sufficiently participate in the interactive process with him to find a reasonable accommodation which would have permitted his return to work. The district court held that the Interpretive Guidelines to the ADA do indeed require such a process but only if the individual is qualified. Leaving aside the issue of Appellant's qualification, the district court also held that Roadway met its obligation because there was uncontested evidence that Roadway did attempt to engage Rodriguez in such a process. This decision was correct. The evidence in this case, when examined in light of Akzo makes that clear.

Akzo, relying on Beck v. University of Wisconsin Bd. of Regents, 75 F.3d 1130, 1135 (7th Cir. 1996), held that an employer can violate the ADA when "the responsibility for the breakdown of the interactive process is traceable" to the employer. Akzo, 178 F.3d at 736. There is no evidence to suggest that the responsibility was the employer's in this case. When accommodation was first considered, the employer had not been furnished full information concerning the employee's medical condition. The efforts it made were reasonable in light of the information available to it at that time.

AFFIRMED.

2